IN THE IOWA DISTRICT COURT FOR DES MOINES COUNTY

| DAVID MACOMBER | CL No: LALA004392 |
|---|---|
| Plaintiffs, | |
| vs. | |
| DES MOINES COUNTY, IOWA AND DES MOINES COUNTY SECONDARY ROADS DEPARTMENT, | PETITION AND JURY DEMAND |
| Defendants. | |

COMES NOW the Plaintiff, David Macomber, by and through his attorneys, and for his Petition and Jury Demand against the Defendants, states as follows:

## INTRODUCTION

1. This is an action under the Americans with Disabilities Act (ADA), as amended, 42 U.S.C. § 12111, *et seq.*, challenging Defendant's disability discrimination towards the Plaintiff.

2. Plaintiff David Macomber is a resident and citizen of Montrose, Lee County, Iowa.

3. Defendant Des Moines County, Iowa ("Des Moines County") is an Iowa municipality pursuant to Iowa Code Chapter 670, operating and conducting business in Des Moines County, Iowa.

4. Defendant Des Moines County Secondary Roads Department ("Secondary Roads") is an agency created, funded, staffed, and overseen by Defendant Des Moines County.

5. The acts of which Plaintiff complains occurred in Des Moines County, Iowa.




1

## PROCEDURAL REQUIREMENTS

6. On approximately June 27, 2012, within 300 days of the acts of which he complains, Plaintiff filed charges of employment discrimination against Defendant with the Iowa Civil Rights Commission that were cross-filed with the Equal Employment Opportunity Commission.

7. On approximately February 14, 2014, less than 90 days prior to the filing of this Petition, the Equal Employment Opportunity Commission issued a Right-to-sue letter with respect to Plaintiff's charges of discrimination.

## FACTUAL BACKGROUND

8. Plaintiff, David Macomber began his employment with Des Moines County Secondary Roads Department in October 2001.

9. Plaintiff was employed as Survey Chief from 2001 until his termination on November 4, 2011.

10. Plaintiff's primary job duties were to gather field information, collecting ground shots and elevation information, staking for contractors, working with design technicians, running computer-aided design ("CAD") software, and completing analyses on completed projects.

11. Plaintiff was supervised by Brian Carter ("Carter"), who is the County Engineer for Des Moines County.

12. Plaintiff began having minor problems with his eyes in the fall of 2010 and by May 2011 it had escalated.

13. Plaintiff went to the doctor several times to determine what was causing the problems.

14. Plaintiff kept Carter apprised of his condition during this time.

15. On June 29, 2011, Plaintiff was diagnosed with Benign Essential Blepharospasm (BEB).

16. BEB is a neurological disorder that causes the eyes to involuntarily close.

17. Plaintiff was also experiencing excessive eye watering and sensitivity to light that made it very difficult for him to see.

18. Plaintiff later was also diagnosed with Meige's Syndrome.

19. Meige's Syndrome is often associated with BEB and causes the muscles in the jaw to operate involuntarily.

20. Specifically, Meige's Snydrome affected Plaintiff in that his mouth would remain involuntarily open and make it difficult for him to chew, eat, and swallow at time.

21. Plaintiff made some changes to his office environment to assist with his eye sight including changing light covers and having another employee drive when going into the field.

22. Plaintiff tried to work with his supervisor regarding his illness, but instead of accommodating him, Plaintiff received two written warnings in 2011 from Carter.

23. The first warning was January 13, 2011 for allegedly lacking motivation to perform field duties.

24. The second warning was issued on June 2, 2011 for Plaintiff's alleged failure to utilize good weather and available schedule to work out of the office. The June warning also stated that Plaintiff was not physically capable of to perform the job responsibilities.

25. On or about August 4, 2011, Carter forced Plaintiff to take Family Medical Leave Act (FMLA) leave because he was "not getting better."

26. Plaintiff asked for a number of accommodations from Carter.

27. Plaintiff's accommodations were denied.

28. Plaintiff asked to switch job positions with the Design Technician in lieu of having to be on FMLA but Carter refused.

29. Plaintiff was not placed on any work restrictions by his physician other than he may be restricted from "driving at times." The physician also indicated it was not necessary for Plaintiff to work an intermittent schedule or less than a full schedule.

30. While on FMLA leave, Plaintiff reported to work on a weekly basis about the progress of his condition.

31. Plaintiff continually asked to return to work indicating he was willing and able to work.

32. Plaintiff's offers to return to work were rejected by Carter indicating there was no work for him.

33. Plaintiff began working with Iowa Vocational Rehabilitation Services ("Vocational Rehab) in October of 2011 on accommodations to return him to work.

34. Vocational Rehab asked to meet with Carter on October 28, 2011, and provided him with a list of recommended accommodations.

35. Carter did not respond to the accommodations request.

36. On November 1, 2011, Carter emailed Plaintiff to attend a meeting on November 3, 2011, with Defendant's attorney regarding FMLA and Plaintiff's situation.

37. On November 3, 2011, Plaintiff was informed his employment was terminated as of November 4 as his available leave was exhausted.

38. A letter was sent to Plaintiff on November 7, 2011, formalizing the termination.

39. Following Plaintiff's termination, his position was advertised and filled by a former co-worker without a disability.

## COUNT I
## VIOLATION OF THE ADA
## DISABILITY OR PERCEIVED DISABILITY

40. Plaintiff repleads paragraphs 1 through 39 of this Petition and incorporates the same by reference as if fully set forth herein

41. Plaintiff is disabled within the meaning of 42 U.S.C. § 12102(2) and was an employee of the Defendants as defined in 42 U.S.C. § 12111(4).

42. Defendants are an employer within the meaning of 42 U.S.C. § 12111(5) and employs more than 15 persons.

43. Des Moines County altered the terms, conditions and privileges of Plaintiff's employment on the basis of his disability or perceived disability, in violation of 42 U.S.C. § 12101 et. seq.

44. Defendants treated Plaintiff differently than non-disabled employees or employees that were not perceived to be disabled.

45. Des Moines County knew of Plaintiff's disability and failed to accommodate him in violation of 42 U.S.C. § 12101 et. seq.

46. Plaintiff is able to perform the essential functions of his job with or without reasonable accommodation.

47. The unlawful actions of Defendants resulted in the Plaintiff suffering loss of wages and other benefits related to that employment as well as emotional distress.

48. As a proximate result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer damages as set forth above.

49. The Defendants acted intentionally, maliciously, or with reckless indifference to the rights of Plaintiff and knew or should have known that its actions were illegal, and, therefore, punitive damages are appropriate.

50. In addition to compensatory damages, Plaintiff is entitled to equitable relief including but not limited to: 1) benefits not measured as compensatory damages including relief to offset any damage to his reputation, 2) injunctive relief prohibiting Defendant from engaging in further discrimination, 3) a mandatory injunction requiring Defendant to engage in company-wide disability discrimination and sensitivity training, 4) to remove supervisory authority from employees who have engaged in discrimination or retaliation or who are found to possess disability bias through testing or other means; and 5) reinstatement.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate him for his injuries and damages, for lost wages, for emotional distress, for punitive damages in an amount sufficient to punish Defendant and deter others, for interest as allowed by law, for attorney's fees, for the costs of this action, for appropriate equitable and injunctive relief, including but not limited to reinstatement, and for such other relief as may be just in the circumstances and consistent with the purpose of the Americans with Disabilities Act as amended and as the Court deems just and equitable.

## JURY DEMAND

COMES NOW the Plaintiff and hereby requests a trial by jury in the above-captioned matter.

Respectfully Submitted,

NEWKIRK ZWAGERMAN, P.L.C.

_/s/ Jill M. Zwagerman_
Jill M. Zwagerman  AT0000324
jzwagerman@newkirklaw.com
515 East Locust, Suite 300
Des Moines, Iowa 50309
Telephone: (515) 883-2000
Fax: (515) 883-2004

DISABILITY RIGHTS IOWA

_/s/ Cynthia A. Miller by jmz_
Cynthia A. Miller  AT0005382
cmiller@driowa.org
400 East Court Avenue, Suite 300
Des Moines, IA 50309
Telephone:  (515) 278-2502
Fax: (515) 278-2502

ATTORNEYS FOR PLAINTIFF

Original Filed.